Filed 8/26/24  P. v. Gladney CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099092 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE011455) |
| v. | |
| DANTE DARNELL GLADNEY, | |
| Defendant and Appellant. | |

Defendant Dante Darnell Gladney appeals the trial court's denial of his request for resentencing, purportedly pursuant to Assembly No. 200 (2021-2022 Reg. Sess.) (Assembly Bill 200) (Stats. 2022, ch. 58), section 1172.6, and "article 1172."  His appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asked that we exercise our discretion to review the record for arguable issues on appeal.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm.

1

## I. BACKGROUND

In 2019, a jury found defendant guilty of two counts of robbery (Pen. Code, § 211)[1] with deadly weapon use enhancements (§ 12022, subd. (b)(1)) and one count of first degree burglary (§ 459) while someone was in the residence (§ 667.5, subd. (c)(21)). The jury also found true that defendant had a prior serious felony. (§ 667, subd. (a).) The trial court sentenced defendant to state prison for an aggregate term of 17 years. This court affirmed the judgment on appeal. (*People v. Gladney* (Feb. 26, 2021, C091030) [nonpub. opn.].)

In March 2023, defendant asked the trial court to resentence him and strike the deadly weapon and serious felony enhancements pursuant to Assembly Bill 200, section 1172.6, and "article 1172."

In May 2023, defendant petitioned for recall and resentencing under Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721).

In July 2023, the trial court issued a written order denying defendant's March 2023 resentencing request. The court reasoned it did not have jurisdiction to consider post-convictions motions or hold post-conviction evidentiary hearings. The court further noted that Assembly Bill 200 did not give a court jurisdiction to strike defendant's enhancements. In addition, defendant was not entitled to potential relief under section 1172.6, because he was not convicted of murder, attempted murder, or manslaughter.

Defendant timely appealed.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by

---

[1] Undesignated statutory references are to the Penal Code.

counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

In appeals from denial of post-conviction relief, as here, the appellate court may conduct independent *Wende* review in its discretion. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 230-232.) We will conduct such a review here because appointed counsel failed to mention *Delgadillo* to defendant, making it possible defendant could have concluded that this court would conduct an independent review of the record, even absent a supplemental brief. (See *id.* at p. 233.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### III. DISPOSITION

The trial court's order denying defendant's resentencing request is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

FEINBERG, J.

3